Dye, J.
In 1954 this defendant-appellant made a motion in the Court of General Sessions of the County of New York for a writ of error coram nobis to vacate a judgment of that court rendered May 3, 1934 which convicted defendant, upon his plea of guilty, of the crimes of robbery in the second degree and criminally carrying a pistol after the commission of a crime and sentencing him to not less than 12% and not more than 25 years. The defendant is presently confined in Auburn State Prison serving the full term as a consequence of a parole violation. After a hearing, the court made an order dated June 1, 1954 denying the application on the merits for the reason that the defendant had failed to sustain his contentions (People v. Sullivan, N. Y. L. J., May 28, 1954, p. 7, cols. 7-8, appeal dismissed 285 App. Div. 873).
The present proceeding was commenced July 17, 1956 by the filing of an informal writing asking the Judge of the Court of General Sessions, who had heard and decided the motion made in 1954, to reconsider his prior decision on the basis of alleged new matters. The court, despite the informality of the paper, treated the request for reconsideration as a new motion for relief coram nobis. This was quite proper. A comparative examination of the papers in both proceedings reveals that the stated basis for relief, on the second application, is in all material respects substantially and essentially the same as the first. The court then denied the motion without a hearing on the ground that1 ‘ the contentions now urged by the petitioner were carefully considered at an open court hearing and denied ’ ’ (Memo, by Goldstein, J., Sept. 13, 1956).
Where a second or later application is made, which alleges no new or additional evidence and is in all material respects substantially the same as dealt with in the prior application, *475 there is no reason why a hearing must be conducted on the renewed application. The court, of course, will consider new or additional evidence and in the exercise of his judicial discretion decide whether such evidence is of sufficient merit and substance to warrant a new hearing. If so, he should hold a hearing. When that is done, all that remains for an appellate court to pass upon is whether the order as made constituted an abuse of discretion.
The order appealed from should be affirmed.
Chief Judge Conwat and Judges Desmond, Fuld, Fboessel, Van Voobhis and Bubke concur.
Order affirmed.